UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNINE SPINNER,

    Plaintiff,

v.                                                Case No. 6:17-cv-340-Orl-37TBS

CREDIT ONE BANK, N.A.,

    Defendant.
_____

## ORDER

Before the Court is Defendant's Motion to Dismiss Complaint and Compel Arbitration and Incorporated Memorandum of Law (Doc. 23 ("**Motion to Compel**")), to which Plaintiff responded (Doc. 24). For the following reasons, the Motion to Compel is due to be granted, and the action is due to be stayed.

### I.     BACKGROUND

On February 28, 2017, Plaintiff initiated this action against Defendant for violations of the Telephone Consumer Protection Act and Florida's Consumer Collection Protection Act. (Doc. 1 ("**Complaint**").) After successfully moving for an extension (Doc. 14), Defendant answered the Complaint on June 19, 2017, and asserted several affirmative defenses, including its intent to arbitrate based on a binding arbitration provision in Plaintiff's cardholder agreement (Doc. 18 ("**Answer**")). Now—more than six months after its Answer—Defendant moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3) to compel arbitration and dismiss this action or,

-1-

alternatively, to stay it pending the outcome of the forthcoming arbitration proceedings.[1]
(Doc. 23.)

According to the Motion to Compel, Plaintiff applied for and received a credit card from Defendant in February of 2014. (*See* Doc. 23-1, 12.) Attached to its standard cardholder agreement is an arbitration agreement ("**Arbitration Agreement**"), which provides:

> **PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. IN ARBITRATION, YOU MAY CHOOSE TO HAVE A HEARING AND BE REPRESENTED BY COUNSEL**
>
> **Agreement to Arbitrate**: You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This arbitration provision is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., and (to the extent State law is applicable), the State law governing this Agreement.

---

[1] The U.S. Court of Appeals for the Eleventh Circuit has expressed a preference that district courts stay rather than dismiss arbitral claims. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992). Accordingly, the Court construes the Motion to Compel as one seeking a stay rather than dismissal. (*See* Doc. 23, p. 1.)

(Doc. 23-4, p. 7) (emphasis in original).

The Arbitration Agreement also sets forth a very broad scope, covering, among others, claims involving "any disclosures or other documents or communications relating to your account; any transactions or attempted transactions involving your account, whether authorized or not; billing, billing errors, credit reporting, the posting of transactions, payment or credits, or collections matters relating to your account" or "based on any theory of law, any contract, statute, regulation, ordinance, tort . . . [and] any allegations of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship."

Based on the Arbitration Agreement, Defendant requests that the Court compel arbitration on the grounds that: (1) it is enforceable; and (2) Plaintiff's claims fall within its scope. (Doc. 23, pp. 9–12.) As the matter is fully briefed (*see* Doc. 24), it is ripe for the Court's consideration.

## II. LEGAL STANDARDS

Under the Federal Arbitration Act ("**FAA**"), arbitration agreements are presumptively valid and enforceable. *See* 9 U.S.C. § 2. So "courts must rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013). With this, upon the motion of any party to a valid arbitration agreement, courts must stay or dismiss litigation of all claims that fall within the agreement's scope and compel arbitration according to the agreement's terms. *See* 9 U.S.C. §§ 3–4.

"[D]espite the strong policy in favor of arbitration, a party may, by its conduct,

waive its right to arbitration." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)); *see also Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011). Waiver of an arbitration right occurs when both: (1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.'" *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1365 (11th Cir. 1995)). "[A]ny party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

### III. ANALYSIS

Plaintiff does not challenge the validity of the Arbitration Agreement or that her claims fall outside its scope; instead, she contends, in conclusory fashion, that Defendant has waived its right to compel arbitration based on its litigation conduct prior to the Motion to Compel.[2] (Doc. 24, p. 1.) The Court disagrees.

Under the first prong of waiver, a court must "decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002). A party acts inconsistently

---

[2] Although not raised by the parties, the Court notes that the Eleventh Circuit has held that whether a party has waived its right to compel arbitration based on its earlier litigation conduct is an issue presumptively for a court, rather than an arbitrator. *Grigsby & Assocs., Inc. v. M Secs. Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011). As such, the Court—as opposed to an arbitrator—will decide whether Defendant has waived its right compel arbitration.

with the arbitration right when that party "*substantially* invokes the litigation machinery prior to demanding arbitration." *Garcia*, 699 F.3d at 1277 (quoting *S & H Contractors*, 906 F.2d at 1514) (emphasis added).

The sum total of Plaintiff's waiver argument rests on Defendant's filing of the Answer before the Motion to Compel. (Doc. 24, p. 1.) The filing of an answer, without more, does not constitute substantial participation in litigation. *See, e.g.*, *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216, 1222 (S.D. Fla. 2010) (finding that the defendant did not waive its arbitration right even though it filed an answer without asserting arbitration right and then waited nearly two months before demanding arbitration). Furthermore, not all litigation conduct results in waiver; rather, it is a matter of degree. For instance, the Eleventh Circuit has found waiver in cases with long delays *and* extensive use of discovery or motion practice prior to the defendant's assertion of its arbitration right. *See, e.g.*, *Robinson v. Alston*, 596 F. App'x 871, 873 (11th Cir. 2015)[3] (finding waiver where the defendant waited eight months before demanding arbitration, during which time there had been "numerous filings," and the defendant ignored both the opposing party and the Court's invitations to initiate arbitration proceedings); *Garcia*, 699 F.3d at 1277–78 (finding waiver where party failed to move to compel arbitration even though the court invited it to do so, and the party conducted discovery for more than a year, including more than fifteen depositions and production of nearly 900,000 pages of documents).

---

[3] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

Apart from the Answer, Plaintiff points to no other substantial conduct inconsistent with Defendant's intent to arbitrate, and the weight of authority counsels against a finding of substantial participation on this record.

Even if the Court concluded that Defendant's filing of the Answer amounted to substantial participation, Plaintiff failed to argue, let alone demonstrate, prejudice. (*See* Doc. 24.) "Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366. To determine prejudice, a court "may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *Garcia*, 699 F.3d at 1277. Given the limited nature of the proceedings, Plaintiff could not have expended more than minimal time and resources in prosecuting this action prior to the Motion to Compel.

At bottom, Plaintiff has failed to satisfy her "heavy burden of proof" in demonstrating that Defendant waived its right to compel arbitration, s*ee Stone*, 898 F.2d at 1543, and, thus, the Court finds that the Motion to Compel is due to be granted.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Credit One Bank, N.A.'s Motion to Dismiss and Compel Arbitration and Incorporated Memorandum of Law (Doc. 23) is **GRANTED**.

2. This case is **STAYED** pending arbitration.

3. Pursuant to the Arbitration Agreement, "the party filing an arbitration must

choose an arbitration administrator." (Doc. 23-4, p. 7.)

4. The parties are **DIRECTED** to jointly notify the Court of the status of the arbitration proceedings on or before Thursday, **March 29, 2018**, and every ninety days thereafter. The parties are further **DIRECTED** to immediately notify the Court upon conclusion of the arbitration proceedings.

5. The Clerk is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 29, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record